```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

UNITED STATES OF AMERICA, )
                          )
          Plaintiff,      )
                          )
vs.                       )  3:10-CR-027-B
                          )
JACK ZIMMERMAN,           )
                          )
          Defendant.      )
```

```
                REARRAIGNMENT HEARING
          BEFORE THE HONORABLE JANE J. BOYLE
             UNITED STATES DISTRICT JUDGE
                    JUNE 17, 2010

               A P P E A R A N C E S
```

For the Government:

     UNITED STATES ATTORNEY'S OFFICE
     1100 Commerce Street - 3rd Floor
     Dallas, TX  75242
     (214)659-8600
     BY:  LISA J. MILLER

For the Defendant:

     LAW OFFICE OF DAVID R. SCOGGINS
     12225 Greenville Ave - Suite 700
     Dallas, TX 75243
     (972)985-2400
     BY:  DAVID R. SCOGGINS

COURT REPORTER:  SHAWNIE ARCHULETA, TX CCR No. 7533
                 1100 Commerce Street
                 Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.

1                  (In open court.)

2                  THE COURT:  Next is you U.S. v. Jack

3      Zimmerman.

4                  MS. MILLER:  Lisa Miller for the

5      government.

6                  THE COURT:  And for the defendant?

7                  MR. SCOGGINS:  Good afternoon, Your Honor,

8      David Scoggins.

9                  THE COURT:  Mr. Scoggins.

10                 Good afternoon, Mr. Zimmerman.

11                 THE DEFENDANT:  Good afternoon.

12                 THE COURT:  As I understand it, you are

13     here today because you agreed to enter a guilty plea

14     to Counts 1 and 2 of the indictment in this case

15     charging you with enticement of a minor and

16     production of child pornography; is that correct?

17                 THE DEFENDANT:  Yes, ma'am.

18                 THE COURT:  I have several questions for

19     you, Mr. Zimmerman, to make sure that you are

20     entering into this freely and voluntarily with your

21     eyes open, understanding all the consequences.

22                 So as I go through this, I want to make

23     sure you understand.  If you have any questions, you

24     may stop and ask me.  You are the most important

25     person here, and you need to understand and have no

1  reservations when you walk out of here about what

2  you just did.  Okay?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  You can also ask me to stop

5  and repeat something or, maybe even more

6  importantly, I will let talk to Mr. Scoggins at any

7  time during this back-and-forth conversation we are

8  having.  Okay?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  Raise your right hand, please.

11          (The Defendant was sworn.)

12          THE COURT:  Mr. Zimmerman, I want to first

13  talk about your background and make sure there isn't

14  anything that would prevent you from understanding

15  and comprehending what we are doing today.

16          Your full name, please?

17          THE DEFENDANT:  Jack Harold Zimmerman, Jr.

18          THE COURT:  Mr. Zimmerman, do you

19  understand, now that I have placed you under oath,

20  that if you made any false statements that you could

21  potentially face charges for perjury or making false

22  statements under oath?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  How old are you?

25          THE DEFENDANT:  Fifty-six.

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  Through college.

3          THE COURT:  Have you been treated recently

4  for any kind of mental illness or emotional

5  disturbance?

6          THE DEFENDANT:  No, I had a -- I had a

7  stroke.

8          THE COURT:  Okay.  Let's talk about that.

9  So you have had some physical problems.

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  All right.  Are you under the

12  influence of any kind of medication right now as you

13  stand here?

14          THE DEFENDANT:  No, ma'am.

15          THE COURT:  Okay.  Tell me about the

16  stroke.

17          THE DEFENDANT:  I had a stroke in the --

18  in October.

19          THE COURT:  Okay.  And are you still

20  suffering side effects from that or effects of that?

21          THE DEFENDANT:  Well, I'm having -- excuse

22  me.

23          THE COURT:  Take your time.

24          THE DEFENDANT:  I have a lapse of memory.

25  I can't remember things.

1          THE COURT:  Okay.  And let's talk about

2    that, because that's important.  And if you need

3    some time, I will let you sit and get a cup of water

4    and we will take a short break.

5          Do you need that for a minute?

6          THE DEFENDANT:  No.

7          THE COURT:  Are you sure?

8          THE DEFENDANT:  Yeah, I'm okay.

9          THE COURT:  Okay.  The stroke, did you not

10   get any medication for the stroke?

11         THE DEFENDANT:  No.  They were going to do

12   the prostate cancer first.

13         THE COURT:  So you have also got prostate

14   cancer?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  What, if any, medication are

17   you on for the stroke or prostate cancer?

18         THE DEFENDANT:  I'm taking Proscar for the

19   prostate cancer, and I take a medication called

20   Flomax.  And then for my brain, they have said I

21   have lost major brain function, which I did because

22   I can't remember anything; a lot of things, I can't,

23   and then things pop in my mind.

24         THE COURT:  Okay.  How, if at all, is that

25   affecting you here today?  Because it's very

```
 1   important that we know that.
 2               THE DEFENDANT:  Nothing.
 3               THE COURT:  It's not affecting you here
 4   today?
 5               THE DEFENDANT:  No, ma'am.
 6               THE COURT:  It doesn't affect you in a way
 7   that you won't remember what I have just said in the
 8   last few minutes.
 9               THE DEFENDANT:  No, ma'am, I will remember
10   it.
11               THE COURT:  Okay.  So as you stand here
12   today, are you under the influence of any kind of
13   medication?
14               THE DEFENDANT:  No, ma'am.
15               THE COURT:  All right.  And the
16   aftereffects of the stroke affect your memory, but
17   are you telling me it's not affecting you here in
18   your ability to comprehend what we are talking
19   about?
20               THE DEFENDANT:  I can understand what we
21   are talking about right now.
22               THE COURT:  Okay.  So, so far, is there
23   anything going on with you that we have talked about
24   or not that would get in the way of your being able
25   to fully, intelligently and voluntarily, enter into
```

```
 1    this plea and have this discussion with me?

 2                THE DEFENDANT:  No, ma'am.

 3                THE COURT:  Okay.  If at any time

 4    something happens that changes your mind about that

 5    or interferes with your comprehension, I want you to

 6    stop and let me know.  Okay?

 7                THE DEFENDANT:  Yes, ma'am.  Yes, ma'am.

 8                THE COURT:  All right.  I want to ask you

 9    to raise your right hand, please.

10                (The Defendant was sworn.)

11                THE COURT:  I may have already done that.

12    Have you been given a copy of the indictment in this

13    case?

14                THE DEFENDANT:  Yes, ma'am.

15                THE COURT:  Have you had a chance to

16    thoroughly review the charges with Mr. Scoggins?

17                THE DEFENDANT:  He's gone over it with me.

18                THE COURT:  Do you fully understand what

19    you are charged with?

20                THE DEFENDANT:  Yes, ma'am.

21                THE COURT:  Do you have any question about

22    the charges?

23                THE DEFENDANT:  No, other than -- I'm

24    sorry.

25                THE COURT:  It's all right.  Let me know
```

```
1    if you need a break.
2              THE DEFENDANT:  No; just to tell you that
3    I'm sorry.
4              THE COURT:  Okay.  You have a right to
5    have the full indictment read to you in open court
6    or you can waive that right.  How do you wish to
7    proceed?
8              THE DEFENDANT:  Waive it.
9              THE COURT:  Are you telling me here, as a
10   college-educated man, then, despite the physical
11   infirmities that you have had, that you fully
12   understand these charges?
13             THE DEFENDANT:  Yes, ma'am, I do.
14             THE COURT:  And you fully understand
15   everything we have talked about so far?
16             THE DEFENDANT:  Yes, ma'am, I do.  I'm
17   sorry for breaking up.
18             THE COURT:  It's all right.  As I said, if
19   you need to take a break at any time, just tell me.
20             Are you fully satisfied with Mr. Scoggins'
21   representation and advice?
22             THE DEFENDANT:  Yes, ma'am.
23             THE COURT:  Okay.  I understand there's a
24   plea agreement in this case, and I have that in
25   front of me.  Are you familiar with this plea
```

```
1   agreement?
2            THE DEFENDANT:  Yes, ma'am.
3            THE COURT:  Have you reviewed this
4   thoroughly and carefully with Mr. Scoggins?
5            THE DEFENDANT:  I haven't seen that.  Is
6   that the one we signed the other day?  Oh, yes, this
7   one here; yes.
8            THE COURT:  So you are familiar with the
9   plea agreement?
10           THE DEFENDANT:  Yes, ma'am.
11           THE COURT:  And you reviewed this
12  carefully with Mr. Scoggins?
13           THE DEFENDANT:  Yes, ma'am.
14           THE COURT:  Do you fully understand
15  everything in this plea agreement?
16           I will tell you what, Mr. Zimmerman.  I
17  can just tell by the way you are looking at this and
18  what you have told me about your functioning problem
19  that I need to take a break so you can sit and look
20  at these documents once again and make sure that you
21  are familiar.  And just to calm down a little bit,
22  all right?
23           So we are going to take a five-minute
24  break.
25           (Recess taken from 1:59 to 2:07.)
```

```
 1              THE COURT:  All right.  We were talking
 2    about the plea agreement, Mr. Zimmerman.  We have
 3    taken a short break, and it looks like you are
 4    feeling a little better.
 5              My question is:  Have you had a chance to
 6    thoroughly review this plea agreement with your
 7    attorney?
 8              THE DEFENDANT:  Yes, ma'am.
 9              THE COURT:  Do you fully understand this
10    plea agreement?
11              THE DEFENDANT:  Yes, ma'am.
12              THE COURT:  Okay.  Did you sign the last
13    page?
14              THE DEFENDANT:  Yes, ma'am.
15              THE COURT:  Okay.  You can have this full
16    plea agreement -- you have a right to have this full
17    plea agreement read to you here in open court or you
18    can waive that right.  How do you wish to proceed?
19              THE DEFENDANT:  I just read it.  I have it
20    here.  I just read it.
21              THE COURT:  So do you waive the right?
22              THE DEFENDANT:  Yes.
23              THE COURT:  I do want to talk to you about
24    your portion of this, and that is where you have
25    waived your right to appeal.  It's in paragraph 11.
```

SHAWNIE ARCHULETA, CSR/CRR
FEDERAL COURT REPORTER — 214.753.2747

1            You have a right to appeal a sentence upon

2     a guilty plea, and you have waived that right except

3     for certain narrow areas you can still appeal.  But

4     you have essentially waived your right to appeal,

5     which means that your case is over at the

6     sentencing, whether you are happy with the sentence

7     or not, whether you think the sentence is fair or

8     not.

9            Do you understand that?

10           THE DEFENDANT:  Yes, ma'am.

11           THE COURT:  You can still bring a claim

12    of -- you can challenge the voluntariness of your

13    guilty plea or the waiver of appeal, and you can

14    still claim ineffective assistance of counsel.  But

15    essentially, otherwise, you have waived your right

16    to appeal.

17           Do you understand that?

18           THE DEFENDANT:  Yes, ma'am.

19           THE COURT:  Do you still wish to persist

20    in this plea, understanding that in your case you

21    have given up your right to appeal?

22           THE DEFENDANT:  Yes, ma'am.

23           THE COURT:  Okay.  I also want to make

24    sure, even though we have talked about this, that

25    you understand, as of page 7 of the plea

1   agreement -- although this isn't part of the plea

2   agreement, I think it's important that you

3   understand -- upon pleading guilty and conviction of

4   these crimes, that you will have to register as a

5   sex offender under the Sex Offender Registration and

6   Notification Act -- that's on page 7 -- you have

7   fully read that over, and you understand that, with

8   your attorney?

9           THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  And you still wish to enter

11  this plea?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  If you need to sit down,

14  please let me know, and we will move you over to the

15  table.

16          I also want to make sure there is nothing

17  outside of this written plea agreement that you are

18  relying upon in pleading guilty.

19          Every once in a while I have a plea

20  agreement, and we ask if they have the plea

21  agreement, they understand the plea agreement and

22  they do, and then six months later they come back

23  and say, well, the sentence is higher than I was

24  promised.

25          Well, there is nothing in the plea

1    agreement about that.

2            Well, I was told that by my attorney or

3    some agent or something.  I want to make sure there

4    is nothing going on like that with you.

5            Has anyone promised you any kind of a

6    benefit or guaranteed you anything that's not in

7    writing here in this plea agreement?

8            THE DEFENDANT:  No, ma'am.

9            THE COURT:  Has anyone threatened you or

10   pressured you in any way to get you to plead guilty?

11           THE DEFENDANT:  No, ma'am.

12           THE COURT:  Are you pleading guilty freely

13   and voluntarily?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  And because you are guilty?

16           THE DEFENDANT:  Yes, ma'am.

17           THE COURT:  Okay.  You have certain

18   constitutional rights as an individual charged with

19   a crime, and you are waiving those rights by

20   pleading guilty.  So I want to make sure you

21   understand what those rights are and that you

22   understand and wish to waive those in pleading

23   guilty.

24           Do you understand, Mr. Zimmerman, that by

25   pleading guilty to this felony crime, if I accept

1    your plea you will be adjudged guilty, and that

2    judgment may deprive you of valuable civil rights

3    such as:  The right to vote; the right to hold

4    public office; the right to a serve on a jury; and

5    the right to possess any kind of gun, weapon or

6    firearm.

7             Do you understand that?

8             THE DEFENDANT:  Yes, ma'am.

9             THE COURT:  Do you also understand that

10   you have a right to have a full jury trial with

11   counsel representing you for the trial.

12            Do you understand that?

13            THE DEFENDANT:  Yes, ma'am.

14            THE COURT:  And that by pleading guilty,

15   you are waiving that right to a jury trial.

16            Do you understand that?

17            THE DEFENDANT:  Yes, ma'am.

18            THE COURT:  If you invoked your

19   constitutional right to a jury trial, there are

20   certain other constitutional rights that go along

21   with that that you would get.  I have already

22   mentioned your right to counsel.

23            You also have the right, if you had a

24   trial, to be presumed innocent at the trial as

25   opposed to here.  Do you understand that?  If you

1    had a trial, you would be presumed innocent.

2             In other words, you would have no burden,

3    you would go to trial, and the presumption by law is

4    that you are innocent by the jury.  They couldn't

5    assume anything else, as opposed to here in the

6    guilty plea.

7             Do you understand that?

8             THE DEFENDANT:  Yes, ma'am.

9             THE COURT:  Not only would you have the

10   constitutional right to the presumption of

11   innocence, you have a right to -- if you had a

12   trial, the government bears the full burden of

13   proof.  They have to come forward with the evidence

14   and the witnesses; you have no burden at trial.

15            Do you understand that?

16            THE DEFENDANT:  Yes, ma'am.

17            THE COURT:  Not only do they have the full

18   burden of proof, it's a high burden beyond a

19   reasonable doubt.  They have to bring their

20   witnesses and evidence down here in open court in

21   front of you and your attorney.

22            Do you understand that?

23            THE DEFENDANT:  Yes, ma'am.

24            THE COURT:  And along with that, your

25   attorney and you could look at the exhibits and hear

1   the witnesses, and your lawyer would get a chance

2   to, in your presence, ask the witnesses questions.

3           Do you understand that?

4           THE DEFENDANT:  Yes, ma'am.

5           THE COURT:  And you are waiving those

6   rights by pleading guilty?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  Do you also understand that

9   you would not only have no obligation at a trial to

10  prove anything, but you would have the right to, if

11  you wanted to, testify on your own behalf, but you

12  wouldn't have to testify and you could not be forced

13  to.  If you decided not to testify, the jury could

14  not hold your silence against you under our Fifth

15  Amendment in deciding whether you were guilty.

16          Do you understand that?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  And you waive that right, and

19  you waive the right to the presumption of innocence,

20  and you waive the right to the burden of proof and,

21  again, you waive your right to remain silent by

22  pleading guilty.

23          Do you understand that?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Because, by pleading guilty,

1    you have to stand here in open court and admit your

2    guilt and admit to facts that support your guilt.

3              Do you understand that?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  You also would have the right,

6    if you had a trial, to bring witnesses down here to

7    testify for you.  A lawyer could get them here by

8    subpoenas, but you waive that right, also, by

9    pleading guilty.

10             Do you understand that?

11             THE DEFENDANT:  If I had a trial having

12   the witnesses come down, yes, ma'am.

13             THE COURT:  Yes, you would have that

14   right.  You don't have that right with a guilty plea

15   stage.

16             Do you understand that?

17             THE DEFENDANT:  In other words, I can't

18   have anybody come when you sentence me?

19             THE COURT:  That's different.  You can

20   bring witnesses down and have them testify for you

21   at sentencing, but you don't have the right to come

22   down to prove your innocence at the guilt or

23   innocence phase.

24             Do you understand that?

25             THE DEFENDANT:  Yes, ma'am, he told me.

```
 1              THE COURT:  So by giving up those
 2    constitutional rights, the right to remain silent,
 3    the right to a presumption of innocence, the right
 4    to a jury trial, the right for the government to
 5    hold the full burden of proof, you are waiving those
 6    rights by pleading guilty and you can't change your
 7    mind and decide tomorrow that you want a trial.
 8              Do you understand that?
 9              THE DEFENDANT:  Yes, ma'am.
10              THE COURT:  So as you stand here, do you
11    still wish to persist in your plea and waive those
12    constitutional rights that I have just described?
13              THE DEFENDANT:  Yes, ma'am.
14              THE COURT:  Let's talk about the sentence
15    that you face by this guilty plea.  And I'm assuming
16    that this may not be applicable, but you could be
17    facing deportation if you were not a United States
18    citizen.
19              Do you understand that?
20              THE DEFENDANT:  But I am.
21              THE COURT:  It's a requirement that we
22    have to say that in every guilty plea.  I didn't
23    think it applied to you, but let's talk about the
24    punishment that you face.
25              Ms. Miller, would you please recite the
```

1   punishment range?

2          MS. MILLER:  Yes, I will, Your Honor.

3          The sentence that the defendant faces by

4   pleading guilty to Counts 1 and 2 of the indictment

5   are as follows:  With regard to Count 1, the maximum

6   penalties the Court can impose are:  Imprisonment

7   for a period not less than ten years and not more

8   than life; a fine not to exceed $250,000 or twice

9   any pecuniary gain to the defendant or loss to the

10  victims; a term of supervised release of any term of

11  years or life of not less than five years which may

12  be mandatory under the law and will follow any term

13  of imprisonment.

14          If Mr. Zimmerman violates the conditions

15  of supervised release, he could be in prison for the

16  entire term of supervised release; a mandatory

17  special assessment of $100; restitution to the

18  victims or to the community, which is mandatory

19  under the law, in which Zimmerman agrees may include

20  restitution arising from all relevant conduct not

21  limited to that arising to the offense of conviction

22  alone; costs of incarceration and supervision, and

23  forfeiture of property.

24          The minimum and maximum penalties the

25  Court can impose on Count 2 include the following:

1   Imprisonment for a period not less than 15 years and

2   not more than 30 years; a fine not to exceed

3   $250,000 or twice any pecuniary gain to the

4   defendant or loss to the victims; a term of

5   supervised release of any term of years or life but

6   not less than five years, which will be mandatory

7   under the law and follow any term of imprisonment.

8           If Mr. Zimmerman violates the conditions

9   of supervised release, he could be in prison for the

10  entire term of supervised release; a mandatory

11  special assessment of $100; restitution to the

12  victims or to the community, which is mandatory

13  under the law, in which Mr. Zimmerman agrees may

14  include restitution arising from all relevant

15  conduct, not limited to that arising for the offense

16  of conviction alone; costs of incarceration and

17  supervision and forfeiture of property.

18          THE COURT:  Thank you.  Did you hear that

19  penalty, those punishments that you face?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Okay.  I would expect that

22  Mr. Scoggins has talked to you about the Advisory

23  Sentencing Guidelines, and that is the guidelines

24  where we begin every sentence calculation in every

25  case.

1          Looking at your background, these crimes,

2    certain points are added and subtracted for

3    acceptance of responsibility and various things, and

4    the Court will be provided with, as will you, a

5    calculation of where your sentence should fall on

6    the advisory guidelines.

7          Do you understand that?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  Okay.  But most importantly

10   you must understand the advisory guidelines are just

11   that.  The Supreme Court has ruled that they are no

12   longer binding on the Court, so I completely can

13   disregard them.

14         Do you understand that?

15         THE DEFENDANT:  (Witness nods head.)

16         THE COURT:  Say yes or no.

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  What that means is that the

19   Court and the Court alone will decide your penalty.

20         Do you understand, Mr. Zimmerman?

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  And you face some very stiff

23   penalties here.  I am not saying that you will get

24   them, but I have to make sure that you understand

25   that you face them.  You face up to a life sentence

```
 1   on Count 1.  You face up to a 30-year imprisonment
 2   sentence on Count 2.  And I am not 100 percent sure,
 3   but I think you should assume that those could be
 4   stacked one on top of the other.  That is the
 5   maximum that you are facing.  I am not saying that
 6   you will get it, but you could.  And I want you to
 7   tell me that you understand that you could get a
 8   life sentence on top of a 30-year sentence out of
 9   this guilty plea and that you understand that.
10            Do you understand that?
11            THE DEFENDANT:  Yes, ma'am.
12            THE COURT:  And you still wish to persist
13   in this plea?
14            THE DEFENDANT:  Yes, ma'am.
15            THE COURT:  You understand that you also
16   face -- and this is pretty much unique to this area
17   of crime -- a full life term, possible life term of
18   supervised release upon release from incarceration.
19            Do you understand that?
20            THE DEFENDANT:  Yes, ma'am.
21            THE COURT:  And you still wish to enter
22   into this plea?
23            THE DEFENDANT:  Yes, I do.
24            THE COURT:  A supervised release term
25   essentially means that, if you got out of custody,
```

```
1    you would be on certain restrictions, very stiff
2    restrictions under these kinds of offenses; and
3    that, for the rest of your life, at any point in
4    time if you were on perfect behavior for 20 years
5    and then one mess-up and I found it was true, you
6    could be facing not just 20 years, five years, but
7    the full potential life remainder sentence under the
8    supervised release terms.
9              Do you understand that?
10             THE DEFENDANT:  Yes, ma'am.
11             THE COURT:  Do you have any questions or
12   anything you would like to ask me about the
13   sentencing range, the guidelines, or what you face?
14             THE DEFENDANT:  No, ma'am.
15             THE COURT:  And you have told me no one
16   has promised you, guaranteed to you, or predicted
17   that you will receive a certain sentence; is that
18   right?
19             THE DEFENDANT:  Yes, ma'am.
20             THE COURT:  Okay.  Now that I have
21   informed you of your rights and the possible
22   consequences of pleading guilty, how do you plead to
23   Counts 1 and 2 of the indictment in this case?
24             Let me make sure I am right about that.
25   Counts 1 and 2, guilty or not guilty?
```

```
1                THE DEFENDANT:  Guilty.

2                THE COURT:  Mr. Zimmerman, I didn't

3      mention this before, but in addition to the plea

4      agreement there is a plea agreement supplement, and

5      that basically just confirms in writing what you

6      have already said, and that is that there are no

7      additional terms to the plea agreement.

8                Have you looked at that particular

9      document?

10               THE DEFENDANT:  Yes, ma'am.

11               THE COURT:  Do you agree with that?

12               THE DEFENDANT:  Yes, ma'am.

13               THE COURT:  You can have that read in open

14     court or you can waive that right.

15               How do you wish to proceed?

16               THE DEFENDANT:  I waive it.

17               THE COURT:  It looks like you signed the

18     bottom page of that; is that right?

19               THE DEFENDANT:  Yes, ma'am.

20               THE COURT:  Okay.  So you have entered

21     your guilty plea to Counts 1 and 2 of the

22     indictment, correct?

23               THE DEFENDANT:  Yes, ma'am.

24               THE COURT:  Okay.  Before I can finally

25     accept your plea, I have to make sure that there are
```

1  facts that occurred that support your guilt of these

2  two crimes.  Those facts are contained in the

3  factual resume.  I want you to look at that for a

4  minute.

5          Have you had a chance to look at that

6  carefully with Mr. Scoggins, this factual resume?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Do you fully understand it?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  Do you agree with all the

11 terms in this factual resume?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  Did you sign the last page?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  All right.  You have a right

16 to have this full factual resume read to you here in

17 open court or you can waive that right, it's up to

18 you.

19         How do you wish to proceed?

20         THE DEFENDANT:  I just read it.  I will

21 waive it.

22         THE COURT:  I do want to make sure that

23 you agree that you committed these crimes in a way

24 that includes the essential elements of Counts 1 and

25 2.  So before we go any further, I will ask the

1  government to recite those essential elements,

2  please, Ms. Miller.

3            MS. MILLER:  Yes, Your Honor.

4            In Count 1 of the indictment, the

5  defendant is charged with enticement of a minor,

6  which is a violation of 18 U.S.C. Section 2422(b).

7            In order to establish that offense, the

8  government must prove the following elements beyond

9  a reasonable doubt:

10            First:  That the defendant knowingly used

11  a facility or means of interstate commerce, that is

12  the telephone or the Internet, to persuade, induce,

13  entice or coerce an individual under the age of 18

14  to engage in sexual activity;

15            Second:  That the defendant believed that

16  such individual was less than 18 years of age; and

17            Third:  That the defendant could have been

18  charged with a criminal offense for engaging in the

19  specified sexual activity.

20            The defendant is charged in Count 2 of

21  production of child pornography in violation of

22  18 U.S.C. Sections 2251(a) and (e).  To establish

23  the offense alleged in Count 2, the government must

24  prove the following elements beyond a reasonable

25  doubt:

1          First:  That the defendant employed, used,

2    persuaded or coerced a minor to engage in sexually

3    explicit conduct for the purpose of producing a

4    visual depiction of such conduct;

5          Second:  At the time of the offense, the

6    minor was under the age of 18 years; and

7          Third:  That the visual depiction was

8    produced using materials that had been mailed,

9    shipped or transported across state lines or in

10   foreign commerce and/or affecting interstate or

11   foreign commerce.

12         THE COURT:  Okay.  Did you hear all of

13   those essential elements?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  That you knowingly used a

16   facility, interstate commerce, to persuade someone

17   under 18; that you believed the individual was less

18   than 18; and that you could have been charged with a

19   criminal offense for engaging in a specified sexual

20   activity involving that person.

21         Do you agree with all of that?  Do you

22   agree with all of that?

23         THE DEFENDANT:  Yes.

24         THE COURT:  And that you employed, used,

25   persuaded or coerced a minor to engage in the

```
1    sexually explicit conduct; is that correct?
2              THE DEFENDANT:  (Witness nods head.)
3              THE COURT:  You have to say yes or no.
4              THE DEFENDANT:  Yes, ma'am, but I --
5              THE COURT:  And that would be for the
6    purpose of producing a visual depiction of the
7    conduct; is that right?  I want to make sure you
8    agree to all these elements.
9              THE DEFENDANT:  Yes, ma'am.
10             THE COURT:  Okay.  All right.  You've
11   already agreed to the other two.  I just wanted to
12   emphasize a few.
13             You agree, then, that you committed these
14   two offenses in a way that includes all of those
15   elements, all those components just read by the
16   government and, again, focused a little more by me.
17             THE DEFENDANT:  Yes, ma'am.
18             THE COURT:  Do you have any questions,
19   Mr. Zimmerman, or anything you would like to talk
20   privately with Mr. Scoggins about?
21             THE DEFENDANT:  No, ma'am.  He --
22             THE COURT:  Go ahead, ask him a question.
23             THE DEFENDANT:  No, ma'am.
24             THE COURT:  No questions?
25             THE DEFENDANT:  No, ma'am.  I understand
```

1    it all.

2              THE COURT:  I don't want you to leave here

3    with any reservations:  Oh, I wish I would have

4    asked the judge this.

5              THE DEFENDANT:  No, ma'am.

6              THE COURT:  If not, then, I find that you

7    are fully competent and capable of entering an

8    informed plea; that you are aware of the nature of

9    the charges against you and the consequences of your

10   plea; and that your plea of guilty is therefore a

11   knowing and voluntary plea, supported by an

12   independent basis in fact containing each of the

13   essential elements of the offenses in this case.

14             Your plea is therefore accepted, and it is

15   ordered and adjudged that you are guilty of the

16   offenses charged in Counts 1 and 2 of the indictment

17   in this case.

18             Mr. Zimmerman, what will happen next is

19   that we will have this presentence report prepared.

20   You will have a right to look at it thoroughly and

21   file objections to it if you have any objections.

22             Probation looks at it again if there are

23   objections and makes changes to it, if necessary.

24             Your sentencing is now scheduled for

25   October 21 at 1:30; that's October 21 at 1:30.

1          The presentence report or PSR is due

2     August 13th; August 13th.

3          Objections to the PSR are due August 20th;

4     that's August 20th.

5          An addendum, if necessary, to the PSR is

6     due September 3; September 3.

7          Objections to the addendum are due

8     September the 10th; September 10th.

9          Any motion regarding downward or upward

10    departures or variances from the advisory guidelines

11    must be filed at least 14 days before sentencing and

12    responded to in writing at least seven days before

13    sentencing.

14          Mr. Scoggins, did you have anything else?

15          MR. SCOGGINS:  No, Your Honor.

16          THE COURT:  Mr. Zimmerman?

17          THE DEFENDANT:  No, ma'am.

18          THE COURT:  Ms. Miller?

19          MS. MILLER:  No, Your Honor.

20          THE COURT:  If not, then, the defendant is

21    remanded to custody, and we will be in recess for

22    the day.

23          (Court in recess at 2:25 p.m.)

24

25

```
1                    C E R T I F I C A T E

2              I, Shawnie Archuleta, CCR/CRR, certify

3    that the foregoing is a transcript from the record

4    of the proceedings in the foregoing entitled matter.

5              I further certify that the transcript fees

6    format comply with those prescribed by the Court and

7    the Judicial Conference of the United States.

8              This 20th day of May 2011.

9

10

11                         s/Shawnie Archuleta
                           Shawnie Archuleta CCR No. 7533
12                         Official Court Reporter
                           The Northern District of Texas
13                         Dallas Division

14

15

16   My CSR license expires:  December 31, 2011

17   Business address:  1100 Commerce Street
                        Dallas, TX  75242
18   Telephone Number:  214.753.2747

19

20

21

22

23

24

25
```

**SHAWNIE ARCHULETA, CSR/CRR**
**FEDERAL COURT REPORTER – 214.753.2747**