```
                                                    U.S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF TEXAS
                                                         FILED
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF TEXAS       FEB - 6 2015
                    DALLAS DIVISION

                                                CLERK, U.S. DISTRICT COURT
JACK ZIMMERMAN,                    )            By_____
        Petitioner,                )                       Deputy
                                   )
                                   )
        v.                         )    Case Number 3:12-CV-4108-B
                                   )                 3:10-CR-0027-B
                                   )
UNITED STATES OF AMERICA,          )
        Respondent.                )
```

MOTION FOR RELIEF FROM CRIMINAL CONVICTION
PURSUANT TO THE PROVISIONS GOVERNING RULE 60(b)(4)-(6)
TO THE FEDERAL RULES OF CIVIL PROCEDURE


NOW COMES petitioner JACK ZIMMERMAN, pro se, seeking an
order from the judiciary of the United States District Court
pursuant to Rule 60(b)(4)-(6) to the Federal Rules of Civil
Procedure for relief from his conviction rendered on the basis
of an involuntary plea of guilty influenced by an assemblage
of terror, ineffective assistance of defense counsel, physical
disorder, and mental illness. See **Fontaine v. United States**,
411 U.S. 213, 214, 36 L. Ed. 2d 169, 93 S. Ct. 1461 (1973)
(per curiam)(Holding that a defendant who has been "induced
by a combination of fear,...illness, [and] mental illness" into
accepting a "plea of guilty" is entitled to relief from the
judgment of conviction in a posttrial proceeding.). Here, as
a result of countless litigation heard within the United States
District Court for the Northern District of Texas by the ju-

diciary subsequent to the erroneous denial of Mr. ZIMMERMAN's
Motion to Vacate, Set Aside, or Correct Sentence pursuant to
the provisions governing Section 2255 of statute Title 28,
[Document Number 64], Mr. ZIMMERMAN believes it appropriate
to bring the judiciary of the United States District Court up
to speed with the circumstances surrounding the involuntary
guilty plea by reiterating the facts, and conditions which
had contributed to the **involuntary acceptance** of the guilty
plea entered against his person in criminal case number 3:10-
CR-0027-B on May 24, 2010. [Document Number 23]. The facts,
and circumstances which had contributed to the involuntary
acceptance of the foregoing guilty plea are as follows:

INEFFECTIVE ASSISTANCE OF COUNSEL PERPETRATED
IN CRIMINAL CASE NUMBER 3:10-CR-0027-B BY ASSISTANT
FEDERAL PUBLIC DEFENDER **JOHN M. NICHOLSON**

During the course of pretrial proceedings held within the
United States District Court for the Northern District of Texas
in criminal case number 3:10-CR-0027-B, Mr. ZIMMERMAN avers
that Assistant Federal Public Defender John M. Nicholson had
rendered **deficient performance** when preying upon his **loss of
memory**, and **cognition function** attributable to a **stroke** in
deceiving his person to inscribe without ample knowledge of
his applicable status and the imminent result of such act his

signature upon the **preliminary hearing waiver** furnished by him on January 15, 2010. [Document Number 8]. Hence, because the tribunal of the United States Court of Appeals for the Fifth Circuit has declared that "[w]aivers of constitutional rights... must be voluntary..., knowing, [and] intelligent acts done with sufficient awarness of relevant circumstances and [the] likely consequences [of the acceptance of a waiver]," **United States v. Newell**, 315 F. 3d 510, 519 (5th Cir. 2002)(quoting **Brady v. United States**, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970)), Mr. ZIMMERMAN contends that the act of Counsel Nicholson misguiding him through deceptive advice into waiving while psychologically impaired his statutory right to confront adverse witnesses, and to present evidence in support of his defense of **actual innocence** during the course of the preliminary hearing, **United States v. Hardy**, 640 F. Supp. 2d 75, 77 (D. Me., July 30, 2009)("At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence....")(quoting Rule 5.1(e) to the Federal Rules of Criminal Procedure)); **United States v. Martinez-Leon**, 565 F. Supp. 2d 1131, 1135 n. 4 (C.D. Cal., July 2, 2008)(same), had not been in conformity with the **range of competence demanded of attorney's in criminal cases**. See Huerta v. Shein, 498 Fed. Appx. 422, 428 (5th Cir. 2012)(per curiam)(stating that "a lawyer commits 'professional negligence by giving [a client]... erroneous advice...by not using...ordinary care in...managing... a case.'")(quoting **Murphy v. Gruber**, 241 S.W. 3d 689, 693 (Tex.

App.-Dallas 2007, pet. denied)). Owing to the "[p]rofessional

negligence [of Counsel Nicholson in] the failure to exercise

ordinary care [when perversely serving Mr. ZIMMERMAN by] giving

[him] bad legal advice [in waiving his statutory right to a

preliminary hearing]," **Id.**, Mr. ZIMMERMAN's right to partake

in confrontation during the preliminary hearing had been highly

prejudicial to his defense. Ergo, because "the Confrontation

Clause [under the Sixth Amendment to the Bill of Rights]

guarantees...'an opportunity for effective cross-examination,'"

**Kentucky v. Stincer**, 482 U.S. 730, 739, 96 L. Ed. 2d 631, 107

S. Ct. 2658 (1987)(quoting **Delaware v. Fensterer**, 474 U.S. 15,

20, 88 L. Ed. 2d 15, 106 S. Ct. 292 (1985)), the act of Counsel

Nicholson deceiving Mr. ZIMMERMAN into waiving the right to

cross-examine adverse witnesses, and to give exculpatory evidence

during the course of the preliminary hearing in his behalf had

been completely detrimental to the "ensur[ance of] the fact-

finding process." **Id.** at 316. Accordingly, because Mr. ZIMMERMAN

has prevailed in showing that his defense had been prejudiced

by the inadequate action of Counsel Nicholson when deluding

his person into signing in acceptance of the waiver to a pre-

liminary hearing, **Salazar v. Johnson**, 96 F. 3d 789, 791 (5th

Cir. 1996)(Holding that a movant "prevail[s] on a claim of

ineffective assistance of counsel" when "a petitioner...show[s]

that his counsel's performance was both deficient and prejudicial

to petitioner."), the law provides that he is entitled to relief

from the final judgment of conviction in a habeas corpus

proceeding.

### INEFFECTIVE ASSISTANCE OF COUNSEL PERPETRATED IN CRIMINAL CASE NUMBER 3:10-CR-0027-B BY ASSISTANT FEDERAL PUBLIC DEFENDER **DOUGLAS A. MORRIS**

Directing the judiciary of the United States District Court's attention to the next claim of ineffective assistance of counsel perpetrated in criminal case number 3:10-CR-0027-B by Assistant Federal Public Defender Douglas A. Morris, Mr. ZIMMERMAN avers that Counsel Morris had failed in his affirmative duty to seek his pretrial release on bail. **United States v. Decoster**, 624 F. 2d 196, 336, 199 U.S. App. D.C. 359 (D.C. Cir. 1976)(en banc)("Counsel should...be concerned with the accused's right to be released from custody pending trial.")(quoting American Bar Association Standards for the Defense Function)). The failure of Counsel Morris to seek the release of Mr. ZIMMERMAN on bail had been not only because of Mr. ZIMMERMAN's status as an **accused sex offender,** but also out of concern for the private interest of Cesely Garrett, the alleged victim in the instant case. The facts in support of this contention had previously been substantiated through the following **uncontested colloquy** which had taken place within the United States District Courthouse between Counsel Morris and Mr. ZIMMERMAN at the defense table on January 20, 2010:

MR. ZIMMERMAN: What's going on with my case? I don't understand this. I've never been in a courtroom before. How do I go about getting bail?

COUNSEL MORRIS: The only way that you'll get out of jail is in a pine box.

MR. ZIMMERMAN: If you feel that way, I believe that I should tell the Judge what you said. And I don't want you to be my attorney at this hearing.

COUNSEL MORRIS: First of all, the Judge has nothing to do with how I represent you in this matter. Therefore, as an attorney, I am not bound by law to represent you on behalf of the court. And second, I am not too fond of child molesters, so, I'll represent you in any way that I please. Do you understand that?

MR. ZIMMERMAN: No.

COUNSEL MORRIS: Well, you should have thought about that before you had sex with underaged girls.

Owing to the right to effective assistance of counsel not being conditioned upon the type of offense charged against a defendant in a criminal complaint or indictment, **Kimmelman v.**

**Morrison,** 477 U.S. 365, 380, 91 L. Ed. 2d 305, 106 S. Ct. 2574
(1986), the foregoing statement of "I am not to fond of child
molesters, so, I'll represent you in any way that I please"
directed toward Mr. ZIMMERMAN by Counsel Morris had been clearly
erroneous. Thus, the act of Counsel Morris "labor[ing] under
a conflict of interest" when declining to seek Mr. ZIMMERMAN's
release on bail as a means to protect the "[personal] interest
in [Ms. Garrett's] welfare" had "prevented [Counsel Morris]
from vigorously promoting the welfare of [Mr. ZIMMERMAN in a
judicial proceeding]." **Vega v. Johnson,** 149 F. 3d 354, 360 (5th
Cir. 1998)(Smith, J.), cert. denied, 525 U.S. 1119, 142 L. Ed.
2d 899, 119 S. Ct. 899 (1999). Ergo, because the foregoing acts
perpetrated against Mr. ZIMMERMAN by Counsel Morris had not
"fell within the range of competence demanded of attorneys in
criminal cases and conformed to professional standards [with
regards to] understanding...the law," **Lancaster v. Newsome,**
880 F. 2d 362, 375 (11th Cir. 1989)(Morgan, J.)(citing **Birt
v. Montgomery,** 725 F. 2d 587, 597 (11th Cir.)(en banc), cert.
denied, 469 U.S. 874, 83 L. Ed. 2d 161, 105 S. Ct. 232 (1984)),
and the foregoing facts presented by Mr. ZIMMERMAN undoubtably
"show[ing] that [C]ounsel [Morris had] made errors so serious
that he '[had] not [been] functioning as the 'counsel' guaranteed
by the Sixth Amendment,'" **United States v. Samaniego,** 532 Fed.
Appx. 531, 534 (5th Cir. 2013)(quoting **Strickland v. Washington,**
466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)),
the law of the land had called for relief from the final judgment

of his conviction in a habeas corpus proceeding.

### INEFFECTIVE ASSISTANCE OF COUNSEL PERPETRATED IN CRIMINAL CASE NUMBER 3:10-CR-0027-B BY DEFENSE ATTORNEY **DAVID R. SCOGGINS**

Finally, Mr. ZIMMERMAN asserts that Defense Attorney David R. Scoggins had erred during official proceedings held under criminal case number 3:10-CR-0027-B when instructing his person to provide before United States District Judge Jane J. Boyle **false testimony** with regards to the voluntariness of the guilty plea accepted by the judiciary within the United States District Courthouse on May 24, 2010. [Document Number 23]. The act of Attorney Scoggins inciting Mr. ZIMMERMAN to **attest spuriously under oath** to his understanding of **1)** the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; **2)** the right to plead not guilty, or having already so pleaded, to persist in that plea; **3)** the right to a jury trial; **4)** the right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial and at every other stage of the proceeding; **5)** the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; **6)** the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo

contendere; **7)** the nature of each charge to which the defendant
is pleading; **8)** any maximum possible penalty, including
imprisonment, fine, and term of supervised release; **9)** any
applicable forfeiture; **10)** the court's authority to order
restitution; **11)** the court's obligation to calculate the
applicable sentencing-guideline range and to consider that range,
possible departures under the Sentencing, and other sentencing
factors under Section 3553(a) of Title 18; and **12)** the terms
of any plea-agreement provision waiving the right to appeal
or to collaterally attack the sentence had been clearly
erroneous. See **Knafel v. Pepsi Cola Bottlers of Akron, Inc.,**
C83-3534-A, 1987 U.S. Dist. LEXIS 16918 (N.D. Ohio, February
4, 1987)(recognizing "that an attorney's participation in the
presentation...of false [testimony] is unprofessional and
subjects him to discipline.")(Laurie, Magistrate)(quoting **United
States v. Thoreen,** 653 F. 2d 1332, 1340 (9th Cir. 1981), cert.
denied, 455 U.S. 938, 71 L. Ed. 2d 648, 102 S. Ct. 1428 (1982)).
Based upon the legal concept that "[i]t is fundamental that
in relations with the court, defense counsel must be scrupulously
candid and truthful in representations of any matter before
the court," **United States v. Thoreen,** 653 F. 2d 1332, 1339 (9th
Cir. 1981), cert. denied, 455 U.S. 938, 71 L. Ed. 2d 648, 102
S. Ct. 1428 (1982)(quoting American Bar Association Standards
for Criminal Justice, The Defense Function 4.9 (1980)), and
"[e]thical considerations and rules of [the] court prevent[ing]
counsel from...adducing...perjured evidence [by way of advising

a client to testify falsely under oath]," **McCoy v. Court of Appeals of Wisconsin, District 1,** 486 U.S. 429, 435, 100 L. Ed. 2d 440, 108 S. Ct. 1895 (1988), it had been "[p]rofessional negligence [on the part of Attorney Scoggins when] giving [Mr. ZIMMERMAN] bad legal advice [and] represent[ation through coercing him into deceiving Judge Boyle into believing that he had made a knowing, intelligent, and voluntary guilty plea]." **Huerta v. Shein,** 498 Fed. Appx. 422, 428 (5th Cir. 2012)(per curiam), cert. denied, ___ U.S. ___, 185 L. Ed. 2d 886, 133 S. Ct. 2027 (2013). Hence, because "[a guilty] plea must not be the product of...'mental coercion overbearing the will of the defendant,'" **Matthew v. Johnson,** 201 F. 3d 353, 365 (5th Cir.), cert. denied, 531 U.S. 830, 148 L. Ed. 2d 44, 121 S. Ct. 291 (2000)(quoting **Brady v. United States,** 397 U.S. 742, 750, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970)), the faulty counsel of Attorney Scoggins when urging Mr. ZIMMERMAN to attest fallaciously to his knowing, intelligent, and voluntary acceptance of the foregoing guilty plea had prejudiced his "unqualified right to elect to stand trial on a plea of not guilty." **United States v. Anderson,** 468 F. 2d 440, 442 (5th Cir. 1972)(Goldberg, J.).

Owing to "Counsel [Scoggins'] erroneous advice...constitut[ing] deficient performance," **United States v. McDonald,** 416 Fed. Appx. 433, 436 (5th Cir. 2011)(per curiam), the prodding of Mr. ZIMMERMAN by Attorney Scoggins to **swear untruthfully**

**under oath** had clearly "fell below an objective standard of reasonableness under prevailing professional norms." **United States v. Abner**, 825 F. 2d 835, 841 (5th Cir. 1987)(citing **Strickland v. Washington**, 466 U.S. 668, 690-94, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)). As a result thereof, "[Mr. ZIMMERMAN's] guilty plea [is] open to attack on the ground that [Attorney Scoggins had failed in his affirmative duty to] provide [him] with 'reasonably competent advice.'" **Cuyler v. Sullivan**, 466 U.S. 335, 344, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980)(quoting **McMann v. Richardson**, 397 U.S. 759, 770, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970)). Therefore, had Attorney Scoggins not **solicited false testimony** from Mr. ZIMMERMAN to convey to Judge Boyle during the course of the change-of-plea hearing held within the United States District Court for the Northern District of Texas on June 17, 2010, [Document Number 27], there had been "a reasonable probability that, but for [C]ounsel [Scoggins'] errors, [Mr. ZIMMERMAN] would not have pleaded guilty and would have insisted on going to trial." **United States v. Juarez**, 672 F. 3d 381, 385 (5th Cir. 2012)(quoting **Hill v. Lockhart**, 474 U.S. 52, 59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985)).

Mr. ZIMMERMAN further contends that, as a result of being told by Attorney Scoggins on March 5, 2010 that Judge Boyle had harbored an enmity toward his person as an accused "child molester," in addition to the threat that Judge Boyle would

subject his person to a term of "life imprisonment" or the "death penalty" if he had declined to accept the terms of imprisonment proffered in the "plea agreement drafted by the attorney for the government," he had been **induced under duress** and **coercion** into waiving, through the foregoing plea agreement and during the change-of-plea hearing, his Sixth Amendment right to a fair, speedy and public trial. **United States v. Salazar,** 751 F. 3d 326, 333 (5th Cir. 2014)("The Sixth Amendment [to the Bill of Rights] safeguards 'the accused['s]...right to a speedy and public trial[] by an impartial jury.'")(quoting U.S. Const. amend VI)). Here, the foregoing statements relayed to Mr. ZIMMERMAN by Attorney Scoggins had caused Mr. ZIMMERMAN to "fear that the rejection of the [guilty] plea [would] mean [the] imposition of a more severe sentence after trial [and the impairing of] his chances [in the attainment of] a fair trial before [Judge Boyle] whom he [would have] challenged [by not pleading guilty to the offenses charged in the indictment]." **United States v. Corbitt,** 996 F. 2d 1132, 1134 (5th Cir. 1993) (quoting **United States v. Werker,** 535 F. 2d 198, 201 (2nd Cir.), cert. denied, 429 U.S. 926, 50 L. Ed. 2d 296, 97 S. Ct. 330 (1976)). Had the foregoing acts of malfeasance not been perpetrated against Mr. ZIMMERMAN by Attorney Scoggins and Judge Boyle, Mr. ZIMMERMAN avers **under penalty of perjury** that "he would not have pleaded guilty and would have insisted [upon] going to trial." **Morris v. Thaler,** 425 Fed. Appx. 415, 418 (5th Cir. 2011). Moreover, because the aforestated claim "that [Mr.

ZIMMERMAN] would not have pleaded guilty [had] be[en a] rea-
sonable [assertion under the foregoing circumstances]," **United
States v. Williams**, 490 Fed. Appx. 632, 633 (5th Cir. 2012),
and the tribunal of the United States Court of Appeals for the
Fifth Circuit commanding district court judges to hold
evidentiary hearings to determine on the merits issues of fact
not found to be false in a judicial proceeding, **Goodwin v.
Johnson**, 132 F. 3d 162, 184 (5th Cir. 1997), "the district court
[should not have denied] a[n evidentiary] hearing on the issue
of whether [Attorney Scoggins had] actually told [Mr. ZIMMERMAN]
that [he should suborn perjury before Judge Boyle to the
voluntariness of the acceptance of the guilty plea, and to whether
the threats made toward his person by Judge Boyle had] in fact
[been] made." **Armstead v. Scott**, 37 F. 3d 202, 210 (5th Cir.
1994), cert. denied, 514 U.S. 1071, 131 L. Ed. 2d 570, 115 S.
Ct. 1709 (1995).

Based upon the judicial concept that "a motion brought
under § 2255 is preferable to direct appeal for deciding claims
of ineffective assistance [of defense counsel]," **Massaro v.
United States**, 538 U.S. 500, 504, 155 L. Ed. 2d 714, 123 S.
Ct. 1690 (2003)(Kennedy, J.), and the foregoing claims of
ineffective assistance of counsel, and judicial misconduct
perpetrated against Mr. ZIMMERMAN by Counsel Nicholson, Counsel
Morris, Attorney Scoggins, and Judge Boyle had "not amount[ed]
to a conclusive showing that [Mr. ZIMMERMAN had] been entitled

to no relief [during proceedings governing Section 2255 of statute Title 28] because he [had] alleged that his part of the plea agreement required...that he join [Attorney Scoggins] in falsely stating to a guileful judge that [the guilty plea had been knowingly, intelligently, and voluntarily made in absence of threats and coercion]," **Bryan v. United States**, 492 F. 2d 775, 778 (5th Cir.)(en banc), cert. denied, 419 U.S. 1079, 42 L. Ed. 2d 674, 95 S. Ct. 668 (1974)(citing **Fontaine v. United States**, 411 U.S. 213, 36 L. Ed. 2d 169, 93 S. Ct. 1461 (1973)), Mr. ZIMMERMAN contends that the foregoing "situation [had been one] in which [he had] submit[ted] specific factual allegations not directly contradicted in the record, of circumstances undermining his [guilty] plea [had demanded that] further fact development [was] required." **United States v. Dabdoub-Diaz**, 599 F. 2d 96, 100 (5th Cir.), cert. denied, 444 U.S. 878, 62 L. Ed. 2d 107, 100 S. Ct. 164 (1979). Hence, because "the barrier of the plea...proceeding record...is not invariably insurmountable," **United States v. Nuckols**, 606 F. 2d 566, 568-69 (5th Cir. 1979)(quoting **Blackledge v. Allison**, 431 U.S. 63, 74, 52 L. Ed. 2d 136, 97 S. Ct. 1621 (1977)), and "federal courts [having no authority in Section 2255 proceedings to] fairly adopt a Per se rule [which] exclud[es] all possibility that a defendant's representations at the time [that] his guilty plea [had been] accepted were [not] the product of such factors as misunderstanding, duress, or misrepresentation by others as to [render] the guilty plea [unquestionable in a court of

law]," **United States v. McCord**, 618 F. 2d 389, 393 (5th Cir.
1980)(quoting **Blackledge v. Allison**, 431 U.S. 63, 75, 52 L.
Ed. 2d 136, 97 S. Ct. 1621 (1977)), the denial of Mr. ZIMMERMAN's
motion filed pursuant to Section 2255 of statute Title 28 by
the judiciary of the United States District Court without an
evidentiary hearing in civil case number 3:12-CV-4108-B had
been "rendered...in a manner inconsistent with due process."
**Bullock v. Dretke**, H-02-1170, 2005 U.S. Dist. LEXIS 28982 (S.D.
Tex., November 15, 2005)(citing **Carter v. Fenner**, 136 F. 3d
1000, 1006 (5th Cir.), cert. denied, 525 U.S. 1041, 142 L. Ed.
2d 534, 119 S. Ct. 591 (1998)). Wherefore, pursuant to Rule
60(b)(4) to the Federal Rules of Civil Procedure, Mr. ZIMMERMAN
is entitled to relief from the final judgment of conviction
on the basis that "the court [had] rendered [the foregoing
judgment] outside its scope of legal powers." **Carter v. Fenner**,
136 F. 3d 1000, 1005 (5th Cir.), cert. denied, 525 U.S. 1041,
142 L. Ed. 2d 534, 119 S. Ct. 591 (1998)(citing **United States
v. Indoor Cultivation Equipment From High Tech Indoor Garden
Supply**, 55 F. 3d 1311, 1317 (7th Cir. 1995)). As such, it would
be an abuse of the judiciary of the United States District
Court's discretion to deny the instant motion for relief. **United
States v. Indoor Cultivation Equipment From High Tech Indoor
Garden Supply**, 55 F. 3d 1311, 1317 (7th Cir. 1995)("If the
underlying judgment is void [on the basis of the failure of
a district judge to adhere to judicial precedent rendered by
the tribunal of a higher court], it is a per se abuse of

discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).").

Due to the refusal of Judge Boyle to conform to the **authoritative opinions of the tribunal of the United States Court of Appeals for the Fifth Circuit, to include that of the United States Supreme Court, in holding an evidentiary hearing on the foregoing claims of ineffective assistance of counsel and judicial misconduct,** Mr. ZIMMERMAN contends that he, under **extraordinary circumstances,** is entitled to relief under Rule 60(b)(6) to the Federal Rules of Civil Procedure. **Veal v. Schlumberger Tech Corporation,** H-04-3550, 2007 U.S. Dist. LEXIS 55381 (S.D. Tex., July 31, 2007)("Rule 60(b)(6) relief should be granted...where **extraordinary circumstances are present.**") (emphasis added)(citing **Ackerman v. United States,** 340 U.S. 193, 202, 95 L. Ed. 207, 71 S. Ct. 209 (1950)). Because it is surely considered an "extraordinary circumstance" when a district court judge supercedes or disregards any statute enacted by members of the United States Congress, or the opinions and rules of the United States Supreme Court or Circuit Court of Appeals, See **Chambers v. Nasco, Inc.,** 501 U.S. 32, 66, 115 L. Ed. 2d 27, 111 S. Ct. 2123, reh'g denied, 501 U.S. 1269, 115 L. Ed. 2d 1097, 112 S. Ct. 12 (1991)("Like the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure are 'as binding as any statute duly enacted by Congress, and federal courts **have no more discretion to disregard the Rule[s'] mandate than**

they do to disregard constitutional or statutory provisions.'")
(emphasis added)(quoting **Bank of Nova Scotia v. United States**,
487 U.S. 250, 255, 101 L. Ed. 2d 228, 108 S. Ct. 2369 (1988));
**Butz v. Economou**, 438 U.S. 478, 506, 57 L. Ed. 2d 895, 98 S.
Ct. 2894 (1978)("Our system of jurisprudence rests on the
assumption that all individuals, whatever their position in
government, **are subject to federal law.**")(emphasis added)(Miller,
J.); **Hutto v. Davis**, 454 U.S. 370, 375, 70 L. Ed. 2d 556, 102
S. Ct. 703 (1982)("[U]nless we wish anarchy to prevail within
the federal judicial system, **a precedent of th[e Supreme] Court
must be followed by the lower federal courts no matter how
misguided the judges of those courts may think it to be.**")
(emphasis added); **United States v. Lee**, 106 U.S. 196, 220, 27
L. Ed. 171, 1 S. Ct. 240 (1882)("All the officers of the
Government, from the highest to the lowest, are creatures of
the **law and are bound to obey it.**")(emphasis added); **Fairbank v.
United States**, 181 U.S. 283, 286, 45 L. Ed. 862, 21 S. Ct. 648,
T.D. 339 (1901)("The particular phraseology of the Constitution
of the United States confirms and strengthens the principle...
that courts...**are bound by that instrument.**")(emphasis added)
(quoting **Marbury v. Madison**, 5 U.S. (1 Cranch) 137, 180, 2 L.
Ed. 60 (1803)); **Bhandari v. First National Bank of Commerce**,
829 F. 2d 1343, 1352 (5th Cir. 1987)("**Obedience by inferior
courts to the command of the Supreme Court is essential to the
administration of our complex court structure.**")(emphasis added)
(Higginbotham, J., concurring); **United States v. Hastings**, 681

F. 2d 706, 711 (11th Cir. 1982)("[O]ur constitutional system...
'is the only supreme power in our system of government, and
**every man who by accepting office participates in its functions
is only the more strongly bound to submit to that supremacy.**")
(emphasis added)(quoting **United States v. Lee**, 106 U.S. 196,
220, 27 L. Ed. 171, 1 S. Ct. 240 (1882)); **Metrix Warehouse,
Inc. v. Daimler-Benz Aktiengesellschaft**, N-79-2066, 1983 U.S.
Dist. LEXIS 11119 (D. Md., December 5, 1983)("**Lower courts must
abide by Supreme Court precedent....**")(emphasis added)
(Northrop, J.). Being that "[t]o ignore a [higher] Court's order
is not an option," **In re Guidry**, 354 B.R. 824, 834 (S.D. Tex.,
November 27, 2006), the denial by Judge Boyle of Mr. ZIMMERMAN's
Motion to Vacate, Set Aside, or Correct Sentence under Section
2255 of statute Title 28 **without an evidentiary hearing** having
been contrary to the authority of the tribunal of the United
States Supreme Court, and the authority of the tribunal of the
United States Court of Appeals for the Fifth Circuit in the
cases of **Fontaine v. United States**, 411 U.S. 213, 36 L. Ed.
2d 169, 93 S. Ct. 1461 (1973)(per curiam); **Machibroda v. United
States**, 368 U.S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510 (1962)
(Stewart, J.); **Escamilla v. Stephens**, 749 F. 3d 380 (5th Cir.
2014)(Dennis, J.); **United States v. Rumery**, 698 F. 2d 764 (5th
Cir. 1983)(Gee, J.); **United States v. McCord**, 618 F. 2d 389
(5th Cir. 1980)(Wisdom, J.); **Fitch v. Estelle**, 587 F. 2d 773
(5th Cir. 1979)(Vance, J.); and **Vandenades v. United States**,
523 F. 2d 1220 (5th Cir. 1975)(Gewin, J.) had rendered the final

judgment of conviction against Mr. ZIMMERMAN in civil case number 3:12-CV-4108-B void, and subject to vacatur under the provisions governing not only Rule **60(b)(4)** to the Federal Rules of Civil Procedure, but also Rule **60(b)(6)** to the Federal Rules of Civil Procedure. Accordingly, because Mr. ZIMMERMAN has "show[n the existence of] 'extraordinary circumstances' justifying the reopening of [the] final judgment [in his habeas corpus proceeding]," **Gonzalez v. Crosby**, 545 U.S. 524, 535, 162 L. Ed. 2d 480, 125 S. Ct. 2641 (2005)(Scalia, J.)(quoting **Ackermann v. United States**, 340 U.S. 193, 199, 95 L. Ed. 207, 71 S. Ct. 209 (1950)(Minton, J.)), and the foregoing "judgment [being] void" on the basis of facts set out herein, **Scott v. Carpanzano**, 556 Fed. Appx. 288 (5th Cir. 2014), the judiciary of the United States District Court must, by way of **sound legal discretion**, relieve Mr. ZIMMERMAN of the foregoing judgment of conviction in the underlying litigation.

## CONCLUSION

Owing to the instant motion **1)** being timely filed subsequent to the denial of en banc determination pursuant to Rule 35 to the Federal Rules of Appellate Procedure, and **2)** not seeking to amend any claims that have been previously raised in Mr. ZIMMERMAN's motion filed pursuant to Section 2255 of statute Title 28, the judiciary of the United States District Court is required through **liberal**, or **any other construction**,

authorized by the tribunal of the United States Supreme Court
in the case of **Haines v. Kerner**, 404 U.S. 519, 520, 30 L. Ed.
2d 652, 92 S. Ct. 594, reh'g denied, 405 U.S. 948, 30 L. Ed.
2d 819, 92 S. Ct. 963 (1972), grant the foregoing motion to
alter or amend the final judgment of conviction rendered in
the aforestated habeas corpus proceeding authorized by
Section 2255 of statute Title 28 or, in the alternative, conduct
an evidentiary hearing to afford Mr. ZIMMERMAN an opportunity
under the aforecited Supreme, and Circuit court cases to
substantiate the aforementioned claims of **ineffective
assistance of counsel,** and **judicial misconduct.**

Respectfully submitted, and subscribed under penalty of perjury
on the _17th_ day of _December_ , 20 _14_ .

_____
JACK ZIMMERMAN, JR.
Petitioner/Movant
39657-177
Federal Correctional Institution II
Old North Carolina Highway 75
Post Office Box 1500
Butner, North Carolina 27509

## CERTIFICATE OF SERVICE

I, JACK ZIMMERMAN, hereby declare (or certify, or verify, or state) under penalty of perjury that I have on this _17th_ day of _December_ , 20_14_ served a copy of the foregoing motion upon counsel for the United States of America via the United States Postal Service to:


Lisa J. Miller
Assistant United States Attorney
United States Attorney's Office
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
(214)-659-8615


JACK ZIMMERMAN, JR.
Petitioner/Movant
39657-177
Federal Correctional Institution II
Old North Carolina Highway 75
Post Office Box 1500
Butner, North Carolina 27509

**AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM FINAL
JUDGMENT OF CONVICTION PURSUANT TO THE PROVISIONS GOVERNING
RULE 60(b)(4)-(6) TO THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to the provisions governing statute Title 28, United States Code, Section 1746(2), I, Jack Zimmerman, Jr., hereby declare (or certify, verify, or state) under penalty of perjury that the following is true and correct:

1. My name is Jack Zimmerman, Jr.

2. I am currently 63 years of age.

3. I am the defendant in criminal case number 3:10-CR-0027-B.

4. On February 2, 2010, I had been indicted within the United States District Court for the Northern District of Texas by members of a Federal Grand Jury for the alleged Enticement of a Minor, and Production of Child Pornography.

5. On January 15, 2010, United States Magistrate Irma C. Ramirez had appointed Assistant Federal Public Defender John M. Nicholson to defend my person against the charges in criminal case number 3:10-CR-0027-B.

6. On January 15, 2010, Federal Public Defender John M. Nicholson had deceived my person into inscribing my signature upon a preliminary hearing waiver while I had been suffering from a loss of memory, and cognition function attributable to a stroke.

7. Subsequent to the signing by my person of the preliminary hearing waiver, Federal Public Defender John M. Nicholson had been terminated as counsel of record by the judiciary

of the United States District Court.

8.  Following the termination of Assistant Federal Public Defender
    John M. Nicholson, on January 20, 2010, Assistant Federal
    Public Defender Douglas A. Morris had been assigned by the
    judiciary of the United States District Court as counsel
    of record in criminal case number 3:10-CR-0027-B.

9.  Preceding the Detention hearing held on January 20, 2010,
    Assistant Federal Public Defender Douglas A. Morris had
    declined my request to argue for my release on bail because
    of his personal concern in protecting the security/privacy
    interest of Cesely Garrett -- the alleged victim -- in
    criminal case number 3:10-CR-0027-B.

10. Succeeding the Detention hearing held on Jaunary 20, 2010,
    Defense Attorney David R. Scoggins had been retained as
    counsel of record by my person to represent my interest
    in criminal case number 3:10-CR-0027-B.

11. Following the retainment of Defense Attorney David R.
    Scoggins, as counsel of record, Attorney Scoggins had
    inticed my person to suborn perjury by providing false
    testimony before United States District Judge Jane J.
    Boyle to the voluntariness of the guilty plea proffered
    by Assistant United States Attorney Lisa J. Miller to
    my person for subscription on May 24, 2010.

12. Prior to the commencement of the change-of-plea hearing
    held before United States District Judge Jane J. Boyle
    on June 17, 2010, Defense Attorney David R. Scoggins
    had informed me to the threats by Judge Boyle to enhance
    my term of imprisonment to life or the death penalty
    if I had declined to accept in open court the offer

2 of 4

submitted in the plea agreement by Assistant United States
Attorney Lisa J. Miller on May 24, 2010.

13. Subsequent to being informed by Defense Attorney David
R. Scoggins of the need to suborn perjury to avoid the
threat of being subjected to a term of life imprisonment,
or the death penalty by United States District Judge Jane
J. Boyle preceding the change-of-plea hearing held on June
17, 2010, I had been terrifed to invoke my right to a fair,
speedy, and public trial by an independent, and impartial
jury.

14. Had Defense Attorney David R. Scoggins not preyed upon
my lack of knowledge in the law, or the fear that I had
in receiving a term of **life imprisonment,** or the **death
penalty** from United States District Judge Jane J. Boyle
during the course of judicial proceedings, I would not
have accepted the terms of the plea agreement proffered
to my person on May 24, 2010 by Assistant United States
Attorney Lisa J. Miller.

15. Had United States District Judge Jane J. Boyle not tasked
Defense Attorney David R. Scoggins with relaying threats
of "life imprisonment," or the "death penalty" to my person
prior to the subscription of my name in acceptance of the
terms of the plea agreement on May 24, 2010, I would have
declined to recognize the terms of the plea agreement
proffered to my person on May 24, 2010 by Assistant United
States Attorney Lisa J. Miller during the change-of-plea
hearing held in open court on June 17, 2010.

Executed, and subscribed by my hand on the _17th_ day of
_December_____, 20 _14_ .


_____
(Jack) Zimmerman, Jr.

<>39657-177<>
Jackie H Zimmerman Jr.
C/O Jackie Zimmerman Jr.
PO BOX 1500 /
Butner, NC 27509
United States

"Legal mail"

<>39657-177<>
U S District Court
Office of the Clerk
1100 Commerce Street, Room 1452
Earle Cabell Federal Bldg
Dallas, TX 75242-1003
United States

RECEIVED-3
FEB   6 2015
MAILROOM



Jack Zimmerman, Jr.
39657-177
Federal Correctional Institution II
Old North Carolina Highway 75
Post Office Box 1500
Butner, North Carolina 27509

RECEIVED

FEB - 6

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Office of the Clerk
Northern District of Texas
Earle Cabell Federal Building and Courthouse
1100 Commerce Street, Room 1452
Dallas, Texas 75242-1003
(214)-753-2200

RE: Motion to Alter or Amend judgment pursuant to Rule 60(b)
    (4)-(6) to the Federal Rules of Civil Procedure

Greetings Clerk of the United States District Court,

I write today to ask the enclosed "Motion to Alter or Amend judgment," and "Affidavit in support of Motion to Alter or Amend judgment" be considered to have been timely filed on December _17th_, 20_14_ pursuant to the "mail-box rule" governing the decision rendered by the tribunal of the United States Supreme Court in the case of **Houston v. Lack**, 487 U.S. 266, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988).

Your assistance in this matter would be greatly appreciated.

Sincerely,

Jack Zimmerman, Jr.

Executed on the _17th_ day of December, 20_14_.

1 of 1