IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FEB 1 2 2015

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

| | |
|---|---|
| JACK ZIMMERMAN, 39657-177, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:10-CR-027-B |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Before the Court is Petitioner's motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b). The Court finds the motion should be construed as a successive petition under 28 U.S.C. § 2255 and transferred to the Fifth Circuit Court of Appeals.

Pursuant to a written plea agreement, Petitioner pled guilty to child enticement and production of child pornography. On March 3, 2011, the Court sentenced him to 360 months in prison. Petitioner filed an appeal with the Fifth Circuit Court of Appeals, where his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On February 17, 2012, the Fifth Circuit dismissed the appeal.

On September 27, 2012, Petitioner filed his first motion to vacate, set aside or correct

Page 1

sentence pursuant to 28 U.S.C. § 2255. *Zimmerman v. United States*, Nos. 3:12-CV-4108-B and 3:10-CR-027-B (N.D. Tex.). On November 13, 2013, the district court denied the petition on the merits. On June 30, 2014, the Fifth Circuit denied a certificate of appealability.

On February 2, 2016, Petitioner filed the instant motion. He argues his guilty plea was involuntary due to ineffective assistance of counsel, duress, and mental illness.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, however, limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before petitioner files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another petition for post-conviction relief is filed.

## RECOMMENDATION

The Court hereby recommends that Petitioner's motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b) be construed as a motion to vacate, set aside or correct sentence pursuant to

28 U.S.C. § 2255, and that the Clerk of Court be directed to open a new civil action pursuant to § 2255 (nature of suit 510). The Court also recommends that the § 2255 motion is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 12 day of February, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).