UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:10-CR-0027-B-1 |
| | § | |
| JACK ZIMMERMAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two documents filed by Defendant Jack Zimmerman. The documents (Docs. 82 and 84) are Motions for Compassionate Release accompanied by medical records. For the reasons that follow, the motions are **DENIED WITHOUT PREJUDICE**.[1]

## I.

## BACKGROUND

On March 3, 2011, Zimmerman was sentenced to 360 months of imprisonment and a lifetime of supervised release after pleading guilty to one count of enticement of a minor in violation of 18 U.S.C. § 2422(b) and one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). Doc. 37, J., 1–3. Zimmerman is currently sixty-seven years old and is confined at Federal Medical Center (FMC) Butner with a statutory release date of August 28, 2035.[2] As of

---

[1] The motions and supporting materials are identical, except that the second motion is accompanied by three additional pages of medical records, a letter from Zimmerman to the Clerk of Court, and the first page of an order from the United States District Court for the District of North Carolina indicating that Zimmerman's compassionate-release motion was initially filed in that court in error. Doc. 84, Mot., 19–22. Because the motions are otherwise identical, the Court treats them herein as one.

[2] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

September 29, 2020, FMC Butner has four active cases of COVID-19 among its inmates and two active cases among its staff.[3]

Zimmerman filed the motions for compassionate release (Docs. 82 and 84) with this Court on August 19, 2020, and September 9, 2020, respectively. In his motions, Zimmerman asks the Court for "Compassionate Release/Homeconfinement" and "for Appointment of Counsel." Doc. 82, Mot., 1; Doc. 84, Mot., 1. Zimmerman seeks compassionate release or home confinement due to his age and health conditions, which he contends expose him to a greater risk of deadly infection should he contract COVID-19. Doc. 82, Mot., 3; Doc. 84, Mot., 3. He seeks appointment of counsel because, due to "total lockdown," he has "no access to [the] legal law library & legal books." Doc. 82, Mot., 1; Doc. 84, Mot., 1. The Court addresses these requests below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

---

[3] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

III.

ANALYSIS

A.    *Zimmerman is Not Entitled to Appointment of Counsel.*

Zimmerman's request for appointment of counsel is denied. Courts in this district have noted that the First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A), and the Fifth Circuit has not addressed the issue. *E.g.*, *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020); *United States v. Dirks*, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020). However, the Fifth Circuit *has* addressed a defendant's right to counsel with respect to § 3582(c)(2) and found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel)).

These "holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *Dirks*, 2020 WL 3574648, at *2. Moreover, there is no constitutional right to counsel for post-conviction relief after the defendant's first direct appeal. *Whitebird*, 55 F.3d at 1011; *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Accordingly, the Court finds that Zimmerman is not entitled to appointment of counsel in his compassionate-release proceedings as a matter of right.

B.    *Zimmerman Has Not Satisfied the Exhaustion Requirement to Seek Compassionate Release.*

Zimmerman's request for compassionate release is denied because he has not satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for

compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[4]

Zimmerman has not complied with this requirement. Though he asks the Court to waive the exhaustion requirement as it applies to him, Doc. 82, Mot., 2–3, 6; Doc. 84, Mot. 2–3, 6, the Court is without authority to do so. *See United States v. Franco*, — F.3d —, 2020 WL 5249369, at *2–3 (5th Cir. 2020) (concluding that the exhaustion requirement is mandatory and defendants seeking compassionate release "must first file a request with the BOP"). Accordingly, Zimmerman's request for compassionate release fails.

C.    *The Court Lacks Authority to Grant Zimmerman Home Confinement.*

Zimmerman's motion seeks home confinement as an alternative to compassionate release. *See* Doc. 82, Mot., 1; Doc. 84, Mot., 1. Zimmerman's request to be released on home confinement is denied. It is within the BOP's sole discretion to place prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (noting that requests for home confinement "are properly directed to the [BOP]"). Thus, this Court lacks the authority to move Zimmerman to home confinement.

**IV.**

---

[4] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

## CONCLUSION

For the foregoing reasons, Zimmerman's motions (Docs. 82 and 84) are **DENIED WITHOUT PREJUDICE**. By denying Zimmerman's motions without prejudice, the Court permits Zimmerman to file a subsequent motion for compassionate release upon satisfaction of the exhaustion requirement. However, the Court advises Zimmerman that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Because Zimmerman has not satisfied the exhaustion requirement, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: October 1, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE